IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| BARTHOLOMEW B. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 108-022 |
| ) | |
| WALTER C. MCMILLAN, JR., ) | |
| HAYWARD ALTMAN, and THOMAS J. ) | |
| O'DONNELL, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Georgia State Prison in Reidsville, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay the initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full filing fee.

## I. BACKGROUND

Upon review of Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) the Honorable Walter C. McMillan Jr., of Jefferson County Superior Court; (2) Hayward Altman, the Jefferson County District Attorney; and (3) Thomas J. O'Donnell, Plaintiff's attorney for his underlying criminal case. (Doc. no. 1, pp. 1, 3).

From the facts proffered by Plaintiff in his complaint, it appears he pled guilty to one count of rape, one count of burglary, one count of armed robbery, and one count of aggravated assault, in the Jefferson County Superior Court. (Id. at 4). Plaintiff's plea hearing was held before Judge McMillan; Plaintiff was represented by Thomas O'Donnell; and the prosecuting attorney was Hayward Altman. (Id.). Plaintiff raises, what appears to be serval ineffective assistance of counsel claims. (Id. at 4, 5). Plaintiff argues *inter alia* that Thomas O'Donnell failed to provide Plaintiff with lawful records, and never raised Plaintiff's "mental health" as an issue. (Id.).

Plaintiff also maintains that Thomas O'Donnell knew that Plaintiff's guilty plea was void because the indictment was defective. (Id. at 12). According to Plaintiff, Judge McMillan, "failed to inform [Plaintiff] of the elements of charges in the unconstitutional indictment." (Id.). In addition, Plaintiff also lists several other reasons that his indictment was defective; for example, not including mandatory statutory language. (Id. at 12, 13).

Plaintiff contends that because of Defendants' actions, he was not able to file a timely appeal, and now seeks permission to file an out-of-time appeal. (Id. at 13). As relief Plaintiff seeks, among other things, for the Court to:

(1) issue a declaration/judgment that Defendants violated the United States Constitution;

(2) issue an injunction order that each Defendant provide Plaintiff with "lawful legal records," including his arrest warrants, indictment, plea hearing transcript, D.N.A. test reports, and his "mental health exam reports;"

(3) issue an order directing Plaintiff to be examined by a "mental health counselor or Georgia Department of Corrections staff from the mental health agency inside their department;" and

(4) grant Plaintiff compensatory and punitive damages.

(Id. at 16, 17).

## II. DISCUSSION

### A. Relief Sought Is Not Properly Brought In § 1983 Action

The Supreme Court has held that when a plaintiff's allegations rest on the invalidity of some portion of his conviction or sentence a § 1983 claim does not accrue until that invalidity is proven. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In other words, a claim for monetary damages or injunctive relief that challenges Plaintiff's criminal conviction is not cognizable under § 1983 unless Plaintiff "prove[s] that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. Conversely, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983. Heck, 512 U.S. at 483; see also

Preiser, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.").

Plaintiff claims that his constitutional rights were violated during his underlying criminal proceedings because he had ineffective assistance of counsel. He also contends that his indictment was unconstitutional. Plaintiff's allegations are aimed at undermining his criminal conviction, but, its invalidity has not been proven by one of the methods set forth above. Therefore, this claim is not properly brought in a § 1983 action at the present time.

**B.      Judge and District Attorney Immune from Suit**

Moreover, Plaintiff names the Honorable Walter C. McMillan, Jr., a Jefferson County Superior Court Judge as a Defendant. It is well-settled that judicial officers are entitled to absolute immunity from suit for actions taken that are within their jurisdictional power to perform. Stump v. Sparkman, 435 U.S. 349, 356-57 (1979) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'" (footnote omitted)). Thus, the Court must determine whether Judge McMillan, was dealing with Plaintiff in a judicial capacity and whether the Judge's conduct clearly fell outside his subject matter jurisdiction. See id. at 359-64.

As the complaint makes no allegation that Judge McMillan acted in the "clear absence of all jurisdiction," id., the Court must consider whether Judge McMillan's actions were of the type normally performed by judges. See Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), aff'd, 784 F.2d 403 (11th Cir. 1986) (Table). Here, Plaintiff alleges

4

that Judge McMillan, violated his constitutional rights by failing to inform Plaintiff, at his plea hearing, of the "elements of charges - in the unconstitutional indictment." (Doc. no. 1, p. 12). The act of taking a plea is an act that is well within a judge's judicial authority. Therefore, Judge McMillan, is entitled to absolute immunity.

Additionally, Hayward Altman, the District Attorney who apparently prosecuted Plaintiff, is entitled to immunity. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004). "The prosecutorial function includes the initiation and pursuit of criminal prosecution." Id. The allegations against District Attorney Altman, only pertain to his traditional duties as counsel for the State in Plaintiff's criminal case, and therefore, he is entitled to absolute immunity. Accordingly, Plaintiff's claims against Judge McMillan, and District Attorney Altman should also be dismissed.

### C.     No Claims Stated Against Defense Attorney

Finally, Plaintiff asserts a claim against Thomas O'Donnell, his attorney for his underlying criminal case. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted). However, "[i]t is well settled . . . that an

attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst, Civil Case No. 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, C.J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 n.7 (1981) (finding a lawyer representing a client was not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983)); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a private attorney who was retained to represent a criminal defendant was not acting under color of state law). Plaintiff's attorney was merely performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding and thus is not a person acting under color of state law. Therefore, Plaintiff has not stated a viable claim against Defendant O'Donnell.

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED.**

SO REPORTED and RECOMMENDED this 28th day of April, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

6